## CIRCUIT COURT OF THE CITY OF RICHMOND

Francis D. Taliaferro

   v.

Cities Service Oil Co.

May 3, 1976

Case No. 8864

BY JUDGE ALEX H. SANDS, JR.

This case involves an effort on the part of the plaintiff to recover from defendant a $5,000 deposit advanced by plaintiff to the defendant pursuant to a contract entered into between plaintiff and defendant for the purchase of a parcel of land in James City County for the sum of $50,000. Whether or not plaintiff is entitled to the recovery of the $5,000 depends on whether or not under the circumstances of the case the plaintiff has breached the contract.

The facts in this case are undisputed. On December 24, 1974, plaintiff and defendant entered into a contract for the purchase by plaintiff from defendant of a parcel of land in James City County for the sum of $50,000. Pursuant to the terms of the contract, plaintiff made a deposit of $5,000 to be applied against the purchase price of the property. The contract further provided that this sum would be forfeited as liquidated damages if the plaintiff defaulted under the contract. The following provision in the contract is the one pertinent to the issues before the Court for determination:

> This offer is subject to obtaining a *building permit* from James City County, Virginia, for the construction and use by purchaser of a peanut shop in an 80 by 35 foot building on the site. Purchaser will have 30 days on which to obtain the permit from the date the acceptance of the contract is received from seller. (Emphasis added.)

The thirty-day provision was subsequently, by agreement of the parties, extended, and time of performance does not enter into the issue before the Court for determination.

A site plan was accordingly submitted by plaintiff to the zoning administrator, Mr. Craig Covey, for his approval. Because of a drain field and sewage disposal problem, the original site plan was not approved with the structure located thereon as was desired by the plaintiff. Changes in the original site plan were thereupon effected which had the result of changing the location of the building of the site, and in this form, the site plan was approved.

The plaintiff, because of the change in location of the building upon the site, then desired to obtain a sign permit for the erection of signs of a certain nature upon the premises and building. Approval of these plans and permit therefor also had to be approved by Mr. Covey. By letter of January 22, 1975, Mr. Covey informed the plaintiff's agent that certain revisions had to be made to conform the proposed signs to the County's sign regulations.

Plaintiff, upon determining that the only signs which the County would approve were not satisfactory to him in view of the required relocation of his building upon the site, abandoned his plans to build upon the site and purchased another site on Route 60 east of Williamsburg and west of the property in question and began erecting thereon a building with the identical floor plan as that which he had originally intended to build upon the site in question.

It is conceded that in view of the above circumstances, the plaintiff at no time ever submitted an application to the building inspector for a building permit. The evidence establishes the fact that had a building permit been applied for, it would have been issued; provided, of course, that the building was located upon the site as was required by the amended site plan. The evidence further establishes the fact that the desired signs would not have been approved had the plaintiff submitted an application to the zoning administrator for such approval.

The sole issue at hand is whether or not the inability of the plaintiff to secure a sign permit for the erection of signs which he deemed necessary for the proper advertisement of his business justified the defendant in abandoning the site, the purchase of which had been contracted for. Defendant maintains that the language in the contract "the construction *and use* . . ." contemplated the securing by plaintiff of the necessary permission to erect such advertising signs on the

property as he deemed necessary for the successful conduct of the business.

The evidence does not support this view. The sole condition precedent to the consummation of the sale as set forth in the contract contemplated the permit for the construction of and a use permit in connection therewith of a building to be used by plaintiff as a peanut shop. The evidence further fails to establish that such construction permit and use permit would not have been issued had it been applied for but does conclusively show that such permits had never been applied for. For the Court to read into the contract language which would require as a condition precedent to the completion of the contract the ability of the plaintiff to procure satisfactory sign permits for the erection of signs upon the property or language from which such situation could be inferred would be tantamount to the Court's writing a new contract for the parties, which, of course, it cannot do.

Under the above circumstances, therefore, the Court is forced to the conclusion that the inability to secure the desired signs was not a justification for the plaintiff's failing to perform the contract and that by not having applied for a building permit for the erection of the building upon the modified site plan which had been approved does not amount to a reasonable effort on the part of plaintiff to comply with the condition precedent to the consummation of the contract, i.e., the securing of the building permit.

The facts of this case, therefore, which are not in dispute, clearly brings this case under the doctrine set forth in *Paris v. Wightman*, 184 Va. 86 (1945), wherein the court stated:

> If a promisor himself is the cause of the failure of performance of a condition upon which his own liability depends, he cannot take advantage of the failure.

For the above reasons, judgment will be for the defendant, Cities Service Oil Company.